UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LIFEGOALS CORP., <br><br> Plaintiff, <br> v. <br><br> ADVANCED HAIR RESTORATION LLC, <br><br> Defendant. | CASE NO. C16-1733JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL |
| ADVANCED HAIR RESTORATION LLC, <br><br> Third-Party Plaintiff, <br> v. <br><br> JERRY DAVIS, <br><br> Third-Party Defendant. | |

//
//

ORDER - 1

## I. INTRODUCTION

Before the court is Defendant and Third-Party Plaintiff Advanced Hair Restoration LLC's ("AHR") motion to compel discovery from Plaintiff LifeGoals Corp. ("LifeGoals") and Third-Party Defendant Jerry Davis. (MTC (Dkt. # 34).) The court has reviewed the parties' statements, the relevant portions of the record, and the applicable law. The court also heard from the parties about the current status of discovery at a telephonic conference. (*See* 12/15/17 Min. Entry (Dkt. # 47).) Being fully advised, the court GRANTS in part and DENIES in part AHR's motion.

## II. BACKGROUND

This case involves breach of contract claims as well as various allegations of misconduct regarding AHR's propriety information. (*See* FAC (Dkt. # 10); Ans. & Countercl. (Dkt. # 14); 3d Party Compl. (Dkt. # 18).) AHR provides hair restoration products and services. (FAC ¶ 2.1; 3d. Party Compl. ¶¶ 9-10.) AHR signed multiple agreements with LifeGoals and its President Mr. Davis, including a Service Agreement and a Product Sales Agreement. (FAC ¶ 2.3; 3d Party Compl. ¶¶ 11, 13.) However, the parties' working relationship soon deteriorated. LifeGoals brought suit against AHR, alleging that AHR breached the Service Agreement, its duty to act in good faith, and its duty to engage in fair dealing by failing to render payment and prohibiting LifeGoals personnel from accessing AHR's premises and systems. (FAC ¶¶ 3.1-4.4.) AHR subsequently filed counterclaims against LifeGoals and a third-party complaint against Mr. Davis. (*See* Ans. & Countercl.; 3d Party Compl.) AHR asserts that Mr. Davis, and by extension LifeGoals, breached the Service Agreement by failing to provide the

agreed-upon services and further engaged in a litany of misconduct, including corporate espionage, fraud, misappropriation of AHR's trade secrets, tortious interference, and defamation. (*See* Ans. & Countercl. ¶¶ 32-41; 3d Party Compl. ¶¶ 26-34.)

On February 17, 2017, AHR sent LifeGoals 16 requests for production ("RFP"). RFP Nos. 5 and 6 sought business-related communications with individuals and companies during a specified period of time. (1st Free Decl. (Dkt. # 35) ¶ 2, Ex. A ("1st RFP") at 12.) RFP No. 10 sought "all documents constituting any communication" relating to the "subject matter of this lawsuit." (*Id.* at 13.) RFP No. 13 sought communications discussing contracts with AHR. And RFP No. 14 sought documents related to the end of the business relationship with AHR. (*Id.* at 14.)

LifeGoals's initial response and objections to these RFPs, submitted on March 20, 2017, contained several errors. (*See* 1st Free. Decl. ¶ 3.) First, the responses were not signed as required by the Federal Rules of Civil Procedure. (*See id.*, Ex. C ("1st Resp. to 1st RFP"); *id.* ¶ 4, Ex. F ("4/7/17 Letter")); *see* Fed. R. Civ. P. 26(g)(1). Second, LifeGoals included several objections that the parties later agreed were without basis in law. (*See* 4/7/17 Letter at 1-2.) For example, LifeGoals claimed that it did not need to turn over "proprietary" or "preparatory" information in response to RFP Nos. 5 and 6 (1st Resp. to 1st RFP at 8, 16-17); the parties eventually agreed that these were improper objections (4/7/17 Letter at 1).[1] Third, LifeGoals also objected to RFP Nos. 10, 13, and

---

[1] Apparently, counsel for LifeGoals and Mr. Davis admitted that this first response and objections were drafted by the clients, which could explain the numerous errors. (*See* 4/7/17 Letter at 1.)

ORDER - 3

14 based upon attorney-client privilege. (1st Resp. to 1st RFP at 9-10, 17-18.) However, LifeGoals did not describe the nature or number of documents being withheld, nor did they attach a privilege log. (*See id.*) Because of the many errors in this first response, the parties agreed that LifeGoals would submit a revised response with a privilege log. (4/7/17 Letter at 1-2.)

LifeGoals changed several of its objections in its revised response on April 21, 2017. LifeGoals asserts in response to RFP Nos. 5 and 6 that it provided responsive documents "except where prohibited by [non-disclosure agreements ("NDAs")] signed with [third parties]." (1st Free. Decl. ¶ 3, Ex. D ("2d Resp. to 1st RFP") at 19.) As to RFP Nos. 10, 13, and 14, LifeGoals withdrew its privilege objections; instead, LifeGoals now claims that no documents constituting communication relating to the subject matter of the lawsuit exist and that it has already disclosed all documents pertaining to contracts with AHR and the end of that business relationship. (*Id.* at 19-20.) None of the disclosed documents implicated attorney-client privilege. (1st Free. Decl. ¶ 8.)

On May 17, 2017, LifeGoals submitted a privilege log that contained only documents covered by the NDAs. (1st Free. Decl. ¶ 3, Ex. E ("Privilege Log").) AHR inquired as to whether this privilege log was complete (*id.*, ¶ 4, Ex. G ("8/11/17 Letter") at 3), and LifeGoals represented on numerous occasions that the privilege log is a "complete accounting of all responsive documents withheld under privilege" (*id.* ¶ 10). LifeGoals has continued to maintain that it is not withholding any responsive documents, including any privileged documents. (*Id.* ¶ 11, Ex. L.) AHR continues to dispute this assertion. (*Id.* ¶ 11.)

ORDER - 4

1 | On August 11, 2017, AHR sent Mr. Davis a second set of RFPs containing 14
2 | requests. (*See generally* 1st Free Decl. ¶ 2, Ex. B ("2d RFP").) On October 9, Mr. Davis
3 | objected to all 14 RFPs on the ground that he could not disclose certain requested
4 | documents that fell within the NDA. (*Id.* ¶ 5, Ex. H ("Resp. to 2d RFP") at 1-2; MTC at
5 | 3.) Mr. Davis did not produce any documents in response to this second RFP. (*Id.* ¶ 5.)
6 | On November 2, 2017, AHR filed the present motion to compel seeking: (1)
7 | documents withheld under the NDAs (MTC at 7-9), and (2) all documents "encompassed
8 | by AHR's discovery requests" that would otherwise be protected by privilege (*id.* at 12).
9 | LifeGoals and Mr. Davis raise only one argument in response: that third-parties object to
10 | the production of the documents. (Resp. (Dkt. # 38) at 2.) Despite several attempted
11 | negotiations, the parties informed the court during the telephonic conference that no
12 | progress has been made in resolving these issues. The court now addresses the motion.

### III. ANALYSIS

**A. Documents Withheld Under the NDA**

LifeGoals and Mr. Davis withheld documents under the NDA in response to: (1) RFPs No. 5 and 6 in the first set of requests served on February 17, 2017, and (2) all 14 RFPs in the second set of requests served on August 11, 2017. (*See* 2d Resp. to 1st RFP at 19-20; Resp. to 2d RFP at 1-2.) AHR raises two arguments in support of its motion to compel these documents. First, AHR argues that the objections premised on the NDR were waived because they were untimely. (MTC at 7.) Second, AHR purports that a NDA is not grounds to bar discovery. (*Id.* at 8.) The court agrees with both arguments.

//

Generally, a party that has been served with an RFP has 30 days to respond. Fed. R. Civ. P. 34(b)(2)(A). It is well established that when a party fails to respond within that time frame, any potential objections not raised are waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). This general rule of waiver extends to new objections raised for the first time in an untimely supplemental response, meaning that new objections not raised in the original response and only in an untimely supplemental response will not be considered absent good cause. *See, e.g., Safeco Ins. Co. of Am. v. Rawstrom*, 183 F.R.D. 668, 671 (C.D. Cal. 1998).

Here, LifeGoals and Mr. Davis's NDA objections to both the first and second set of RFPs are untimely. The first set of RFPs was served on February 17, 2017. (1st Free Decl. ¶ 2.) Thus, LifeGoals and Mr. Davis had until March 19, 2017, to file its NDA objections. Instead, LifeGoals and Mr. Davis did not file their NDA objections until April 21, 2017. (*Id.* ¶ 3.) Indeed, even their original objections were filed a day late on March 20, 2017. (*Id.*) The same goes for Mr. Davis's NDA objections to the second set of RFPs. Because the second set of RFPs was served on August 11, 2017, Mr. Davis had until September 10, 2017, to raise timely objections. (*Id.* ¶ 5.) Mr. Davis, however, did not submit objections until October 9, 0217. (*Id.*) In their response, LifeGoals and Mr. Davis do not dispute this timeline, nor do they provide any argument suggesting that their objections were timely. Thus, on this ground alone, the court concludes that the NDA objections were waived. *See Richmark Corp.*, 959 F.2d at 1473.

But even if LifeGoals and Mr. Davis's NDA objections were timely, they lack basis in both law and fact. First, "[c]onfidentiality agreements do not bar discovery, and

a general interest in protecting confidentiality does not equate to privilege." *In re. Application of O'keeffe*, No. 2:14-cv-01518-RFB-CWH, 2016 WL 2771697, at *4 (D. Nev. Apr. 4, 2016). As such, an NDA or confidentiality agreement "is not a valid basis for withholding discovery," and the documents sought "are not shielded from disclosure merely because they have been designated as 'confidential' in an agreement." *Id.*; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Porter Hayden Co.*, No. CCV-03-3408, 2012 WL 628493, at *2 (D. Md. Feb. 24, 2012) ("There is no privilege for documents merely because they are subject to a confidentiality agreement, and confidentiality agreements do not necessarily bar discovery that is otherwise permissible and relevant."). LifeGoals and Mr. Davis provide no legal argument to the contrary. (*See generally* MTC Resp.) Nor do they argue that the information sought by AHR is somehow impermissible or irrelevant. (*See generally id.*)

Second, LifeGoals and Mr. Davis have not provided any factual support for its NDA argument. They fail to proffer the NDA that they purport prevents them from turning over documents.[2] (*See generally* Dkt.) Moreover, they fail to show how the information sought is a trade secret or other confidential research, such that its disclosure would be harmful to the party's interest in the property. *See Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554-55 (C.D. Cal. Mar. 20, 2007); *see also* Fed. R. Civ. P. 26(b)(5) (requiring party withholding information to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that . . .

---

[2] Because the court does not have a copy of the NDA, it is unable to ascertain whether the agreement speaks to whether information can be disclosed in legal proceedings.

will enable other parties to assess the applicability of the privilege or protection"). Nor has LifeGoals or Mr. Davis moved for a protective order—which AHR indicates that it would stipulate to—that would presumably protect any proprietary information. (*See generally* MTC Resp.; 8/11/17 Letter at 2.) The only evidence LifeGoals and Mr. Davis offer is a motion to quash filed by a third party in the Northern District of Illinois that has since been withdrawn; the motion does not elucidate the NDA issue. (*See* Mot. to Quash (Dkt. # 43).) Such evidence is insufficient.

For the reasons above, the court grants AHR's motion to compel as it relates to the documents withheld under the NDA. LifeGoals and Mr. Davis must turn over any documents that are responsive to RFPs No. 5 and 6 of the February 17, 2017, RFPs and the August 11, 2017, RFPs previously withheld under the NDA. To the extent that a protective order is needed, the parties must file the appropriate motion.

**B. Privilege**

LifeGoals and Mr. Davis originally objected on the basis of privilege to RFP Nos. 10, 13, and 14 of the February 17, 2017, RFPs but later withdrew those objections, claiming instead that all responsive documents had been turned over. (*Compare* 1st Resp. to 1st RFP at 9-10, 17-18, *with* 2d Resp. to 1st RFP at 19-20.) AHR asks the court to "find any privilege that may have existed [to be] waived" and for the court to "order LifeGoals to produce all communications and documents encompassed by AHR's discovery requests, including those that otherwise would have been protected by attorney-client, work-product, and other privileges." (MTC at 9-12.) LifeGoals and Mr.

//

Davis make no response to the issue of privilege, nor do they offer any explanation as to why the original objection of privilege was withdrawn.[3] (*See generally* MTC Resp.)

There is no per se rule that failure to produce a privilege log in a timely manner triggers waiver of privilege; rather, waiver is dependent on the factual circumstances of each case. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). Many factors are taken into account, such as the ability to evaluate whether the withheld documents are privileged, the timeliness of the objection, and the magnitude of the document production. *Id.* at 1149. For example, in *Burlington*, the failure to submit a privilege log for five months supported the waiver of privilege, in addition to the fact that the withholding party is a "sophisticated corporate litigant" who had previously produced the same documents in prior litigation; the privilege log, when finally produced, was insufficient; and even after producing the log, the withholding party made "substantive changes" by removing additional documents. *Id.* at 1149-50. Thus, in *Burlington*, the district court did not err in finding privilege to be waived. *Id.* at 1150.

Conversely, the facts here do not support a complete waiver of privilege. AHR contends that there has been a "seven-month delay in producing a privilege log," but that assertion is inaccurate. (*See* MTC at 12.) LifeGoals and Mr. Davis produced a privilege log on May 11, 2017, about three months after the first RFPs were served. (*See* 1st Free

---

[3] Additionally, Mark Kearney, counsel for LifeGoals and Mr. Davis who communicated with the parties during this discovery process, was not present at the telephonic conference during which the court sought answers to the current state of discovery. (*See* 12/15/17 Min. Entry.) Thus, the court was unable to determine the reasoning behind the change in objection.

ORDER - 9

Decl. ¶ 3; Privilege Log.) Instead, AHR's contention of delay rests on its belief that the proffered privilege log is incomplete, and thus, an allegedly complete privilege log is over seven months past-due. But LifeGoals and Mr. Davis have consistently and repeatedly maintained that the May 11, 2017, privilege log is a complete accounting of all responsive documents withheld under privilege. (*See* MTC at 6; 1st Free Decl. ¶¶ 10-11.) As measured from May 11, 2017, there is no delay significant enough to warrant a complete waiver of privilege.

Likewise, the court cannot, as AHR seeks, order LifeGoals and Mr. Davis to "produce all communications and documents encompassed by AHR's discovery requests" because LifeGoals and Mr. Davis have consistently represented to AHR—and does not contend otherwise to the court—that they have already produced all responsive documents other than those withheld under the NDA. (*See* MTC at 12; 1st Free Decl. ¶ 11, Ex. L.) The court cannot order LifeGoals or Mr. Davis to produce materials that do not exist. Accordingly, the court denies AHR's motion to compel as it relates to RFP Nos. 10, 13, and 14 in the first set of requests.

Although the court denies AHR's motion to compel in this instance, it appreciates AHR's frustrations and shares its skepticism that not a single communication exists relating to the subject matter of this lawsuit, especially when privilege was previously asserted but no documents implicating privilege were subsequently turned over. (*See* MTC at 11.) As such, LifeGoals and Mr. Davis are directed to reexamine RFP Nos. 10, 13, and 14 in an effort to identify documents that can be turned over to AHR as requested. If Lifegoals and Mr. Davis continue to maintain that there are no such

documents, the court cautions the parties: If this representation is inaccurate, or if there is any indication of spoliation of evidence, then the resulting sanction will be dismissal of LifeGoals's complaint.

### C. Attorney Fees

AHR also seeks the costs of bringing this motion to compel. (MTC at 12.) Under Federal Rule of Civil Procedure 37, if a motion to compel is granted, the court must require the party or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred, including attorney's fees, unless the opposing party's objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3). Here, there was no substantial justification for either the untimeliness of the objections or the objections' lack of basis in law. In fact, as evidenced by prior correspondence between the parties, AHR raised these exact issues with opposing counsel to no avail. (*See* 4/7/17 Letter at 1; 8/11/17 Letter at 1-2.) Accordingly, the court orders LifeGoals, Mr. Davis, and their counsel to pay the reasonable expenses incurred by AHR in bringing this motion.

Consistent with this order and within seven days of its entry, AHR shall submit a statement, along with appropriate documentation, concerning its reasonable expenses and attorney's fees incurred in bringing the present motion. LifeGoals and Mr. Davis will have an additional seven days following AHR's submission to respond concerning the reasonableness of AHR's expenses and fees. After considering these additional submissions, the court will issue a further order regarding the specific amount awarded to AHR.

## IV. CONCLUSION

Based on the foregoing, the court GRANTS in part and DENIES in part AHR's motion to compel discovery (Dkt. # 34). The court ORDERS LifeGoals and Mr. Davis to provide the previously withheld documents under the NDA. The court further ORDERS Lifegoals, Mr. Davis, and their counsel to pay the reasonable expenses incurred by AHR in bringing the present motion. The court will enter an additional order establishing the specific amount of those reasonable expenses following further submissions from the parties as delineated above.

Dated this 19th day of December, 2017.

JAMES L. ROBART
United States District Judge